UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| NAKENIA JOHNSON | DOCKET NO. 6:09-cv-00113 |
| VERSUS | JUDGE DOHERTY |
| HOSPITAL CORPORATION OF AMERICA AND DAUTERIVE HOSPITAL | MAGISTRATE JUDGE HANNA |

### RULING ON MOTION

(Rec. Doc. 52)

Pending before the court is the motion filed by the defendants, HCA Inc. d/b/a Hospital Corporation of America and Dauterive Hospital, which seeks to strike certain deposition testimony of Mona Moore or, in the alternative, to allow defendants to question the witness further (Rec. Doc. 52). For the following reasons, the motion is denied in part and granted in part.

### BACKGROUND

Mona Moore is a witness in this matter. On June 18, 2000, the defendants deposed her, and she was cross-examined by counsel for the plaintiff. At the time of the deposition, in addition to being a witness with regard to Ms. Johnson's claim

against the defendants, the attorneys for both parties were aware Ms. Moore had claims of her own against the hospital although they were not yet the subject of a civil suit. However, Ms. Moore was unrepresented. The defendants contend they did not question Ms. Moore about the substance of her own claims at the deposition, but Ms. Johnson's counsel did so on cross examination over their objection. After the deposition had been ongoing for approximately seven hours, counsel for the parties telephoned the undersigned, who recessed the deposition because of the issues surrounding the scope of the deposition, concern for Ms. Moore's lack of representation, the fact the deposition had gone on for quite some time, wasn't finished and the witness was facing a twelve hour work shift afterwards. At the suggestion of counsel, briefs were to be submitted on the scope of the deposition and the instant motion was filed. In the motion, the defendants seek either to strike those portions of her deposition testimony that pertain to Ms. Moore's own claims or the opportunity to complete the deposition.

## DISCUSSION

A. **ETHICAL CONCERN**

Although Ms. Moore is now represented by Ms. Johnson's counsel, Dan M. Scheuermann, she was not represented by counsel at her deposition. Following the

deposition, Ms. Moore sent a letter to the undersigned setting forth her concerns about certain questions asked at the deposition and certain privacy issues. Her letter was filed into the suit record as Rec. Doc. 49. The undersigned is concerned that Ms. Moore may not have been fully informed concerning the issue of legal representation and the role of the respective lawyers prior to the deposition as both the attorney for the plaintiff and the defendants stated at oral argument that they had no discussion with her on that subject at that time. The defendants contend they asked her nothing pertaining to the substantive aspects of her claim but plaintiffs's counsel did. However, the undersigned has not had the opportunity to review a full transcript of the deposition to determine if there is any potential violation of Rule 4.3 of the Rules of Professional Conduct. Further, Ms. Moore, who was also present at oral argument and spoke to the court directly, continues to voice concerns over privacy issues raised in her correspondence to the court that were addressed in the deposition. Therefore,

IT IS ORDERED that the defendants shall file a complete copy of the transcript of Ms. Moore's deposition in the suit record;

IT IS FURTHER ORDERED that the deposition transcript shall be filed under seal; and

IT IS FURTHER ORDERED that Ms. Moore's letter (Rec. Doc. 49) shall also be placed under seal.

B.     **THE PENDING MOTION**

A motion to strike may be brought under Fed. Rule Civ. P. 12(f) strike any matter from a pleading that is "redundant, immaterial, impertinent or scandalous." The arguments raised by the motion do not make those allegations, rather, the defendants seek to strike portions of the deposition because they would be inadmissible at trial, and therefore, they are irrelevant. The undersigned inquired at the initial telephone conference with counsel whether the deposition was taken for purposes of trial or discovery and was informed it was the latter. Therefore, the motion, as it currently stands, is couched more in terms of a motion in limine as it pertains to potential trial testimony and the undersigned finds that, because Ms. Moore's deposition was a discovery deposition rather than a trial deposition, the parties were entitled to question her with regard to any nonprivileged matter reasonably calculated to led to the discovery of admissible evidence.[1] Therefore, it would be inappropriate, at this time, to strike the testimony given at the deposition even if it would ultimately be inadmissible at trial. The undersigned recognizes,

---

[1] Rule 26(b)(1).

however, that as the litigation progresses, there may be a valid basis for seeking to limit or preclude for use at trial the testimony given by Ms. Moore at her deposition, and therefore, the motion will be denied without prejudice to the defendant's right to re-urge that the testimony be excluded at trial by way of a motion in limine.

With regard to the alternative form of relief sought by the defendants, the plaintiff's attorney had not completed his examination of Ms. Moore at the time the deposition was recessed and the defendants had not had the opportunity to re-direct examination on the issues initially raised by the plaintiff's attorney. The undersigned recognizes that Ms. Moore has already been deposed for approximately seven hours which is the limit set forth under Fed. Rule Civ. P 30(d)(1). However, the rule provides that the court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent..." Further, a "district court has broad discretion in discovery matters."[2] Therefore, particularly since Ms. Moore is now represented, the undersigned finds that the defendants have demonstrated good cause for completing the deposition, albeit subject to reasonable limitation. Therefore,

IT IS ORDERED that the defendants' motion (Rec. Doc. 52) is DENIED to the extent that it seeks to strike portions of Ms. Moore's deposition testimony, but

---

2 *Crosswhite v. Lexington Ins. Co.*, 321 Fed.Appx. 365, 367 (5th Cir. 2009), citing *Scott v. Monsanto Co.,* 868 F.2d 786, 793 (5th Cir. 1989).

without prejudice to the defendants' right to reurge the motion as a motion in limine to exclude that testimony at trial should it be appropriate as the litigation progresses, and the motion is GRANTED to the extent that it seeks to permit Ms. Moore's deposition to be completed.

IT IS FURTHER ORDERED that (1) Ms. Moore's deposition shall be recommenced, at a time, place, and date that is mutually agreeable to the parties and Ms. Moore; (2) Ms. Johnson's counsel shall be permitted to complete his questioning of Ms. Moore; (3) the defendants shall be permitted to question Ms. Moore but only with regard to those matters raised for the first time in examination by Ms. Johnson's counsel; and (4) the deposition shall be limited to more than two hours unless the parties and the witness agree to a reasonable extension.

Counsel are cautioned that should the letter AND the spirit of this order not be complied with, the undersigned will entertain a motion under Fed. Rule Civ. P. 30(d)(2).

Signed at Lafayette, Louisiana, this 25th day of August, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)