**RECEIVED**

**APR - 4 2011**

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

NAKENIA JOHNSON

VERSUS

HOSPITAL CORP. OF AMERICA, ET AL.

CIVIL ACTION NO. 09-0113

JUDGE DOHERTY

MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before the Court is the "Motion for Clarification or, Alternatively, Reconsideration of this Court's February 11, 2011 Memorandum Ruling" [Doc. 83] filed by defendant Dauterive Hospital ("Dauterive"). The motion is opposed by plaintiff Nakenia Johnson [Doc. 87], and Dauterive has filed a "Motion for Leave to File Reply Brief to Plaintiff's Opposition to Defendant's Motion for Clarification or, Alternatively, Reconsideration" [Doc. 88]. On March 3, 2011, Dauterive filed a "Motion to Expedite Consideration of its Motion for Reconsideration [Doc. 85]" in light of the impending trial date of May 9, 2011 and the pre-trial conference date of April 20, 2011.[1] The motion to expedite [Doc. 85] is hereby GRANTED, as is Dauterive's motion for leave to file a reply brief [Doc. 88].

## I.    Standard of Review

The Fifth Circuit has held a motion which challenges a prior judgment on its merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from

---

[1] At the time the instant motion was filed, the Clerk of Court inadvertently set the motion for hearing on this Court's May 27, 2011 docket. However, this case is currently set for trial on May 9, 2011. Thereafter, counsel for Dauterive filed a Motion to Expedite Consideration of the instant motion [Doc. 85].

judgment" under Rule 60(b), depending on when the motion was filed.  If the motion was filed

within twenty-eight days of the entry of judgment, it will be considered under Rule 59(e); if filed

after that time period, it will be treated as a motion under Rule 60(b).  *See Teal v. Eagle Fleet, Inc.*,

933 F.2d 341, 347 (5th Cir. 1991), *citing Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d

167, 173 (5th Cir. 1990) (overruled on other grounds).  In the instant case, plaintiff filed his motion

for reconsideration within 28 days of entry of judgment, therefore the motion is properly considered

under Rule 59(e).

Under established Fifth Circuit jurisprudence,

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court
> has held that such a motion is not the proper vehicle for rehashing evidence, legal
> theories, *or arguments that could have been offered or raised before the entry of
> judgment*. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to
> correct manifest errors of law or fact or to present newly discovered evidence."
> *Reconsideration of a judgment after its entry is an extraordinary remedy that
> should be used sparingly.*

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations omitted)

(emphasis added).

In *Lavespere,* this Court recognized while a district court has considerable discretion in

deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not

limitless.  910 F.2d at 174.  The Fifth Circuit has identified two important judicial imperatives

relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just

decisions on the basis of all the facts, noting "[t]he task for the district court is to strike the proper

balance between these competing interests. *Id.*  The Fifth Circuit has further held "*an unexcused

failure to present evidence available at the time of summary judgment provides a valid basis for

denying a subsequent motion for reconsideration.*" *See Templet v. HydroChem Inc.*, 367 F.3d at

478, *citing Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir.1991).

## II.    Law and Analysis

Dauterive seeks clarification of certain rulings contained in this Court's February 11, 2011 Memorandum Ruling [Doc. 80], a 67-page document in which this Court carefully and methodically addressed two motions for summary judgment filed by defendant Dauterive and former defendant HCA, Inc. and rendered several rulings therein. The first ruling implicated in the instant motion is this Court's ruling that plaintiff's state law race discrimination, harassment, and retaliation claims that arose prior to August 25, 2007 – the date plaintiff filed her EEOC claim – are prescribed and, accordingly, dismissed with prejudice. The second ruling made by the Court implicated in the instant motion is the Court's denial of Dauterive's motion to dismiss plaintiff's hostile work environment/harassment claims that post-date August 25, 2007 on grounds the plaintiff presented an issue of fact regarding whether the alleged harassing actions of Dauterive and its employees were sufficiently pervasive as to be actionable.

Thus, in its ruling, this Court dismissed plaintiff's state law race discrimination, harassment, and retaliation claims that arose prior to August 25, 2007, but declined to dismiss plaintiff's state law harassment claims that arose after August 25, 2007. Dauterive argues the foregoing rulings are inconsistent, because in considering and ruling on Dauterive's motion for summary judgment with respect to plaintiff's harassment claims that arose *after* August 25, 2007, this Court considered and relied on alleged incidents of harassment that actually occurred before August 25, 2007. Dauterive argues the incidents of harassment that pre-date August 25, 2007 should not be considered by the factfinder in considering plaintiff's harassment claim at trial, because this Court has already held all state law claims of harassment that pre-date August 25, 2007 are time-barred. Dauterive suggests

this Court should "review the itemized listing submitted by Plaintiff and cited by the Court, along with the sworn testimony cited by both Plaintiff and the Court, and reconsider whether all of the acts listed properly fall in the viable [claims] category," and furthermore, should "clarify its list of viable hostile work environment/harassment claims and revisit its conclusion as to whether the totality of the allegations rise to the level of harassment and hostile work environment under the law."

Plaintiff opposes the instant motion, arguing all of plaintiff's claims of hostile work environment – whether they occurred within the actionable time period or outside of that time period – should be considered by the factfinder at trial, because plaintiff does not allege one specific incident of harassment, but rather, contends the entire eight-month period of harassment must be considered. Plaintiff argues Dauterive engaged in a pattern of pervasive harassment, and that all incidents of harassment must be considered. Plaintiff further argues the doctrine of "continuing violation" specifically applies to employment harassment claims.

**This Court notes neither position adopted by either party at this time was raised in the original briefing on the motion for summary judgment that is the subject of this Court's February 11, 2011 Memorandum Ruling.**

1. **Plaintiff's state law race discrimination, harassment, and retaliation claims that arose *before* August 25, 2007**

Dauterive's motion for summary judgment [Doc. 59] sought dismissal of plaintiff's state law race discrimination, harassment, and retaliation claims that arose prior to August 25, 2007. This Court notes in Dauterive's motion for summary judgment seeking dismissal of the foregoing claims, Dauterive specifically moved to dismiss only three state law "claims" that allegedly occurred prior to August 25, 2007, to wit: (1) plaintiff was demoted from charge nurse; (2) plaintiff was subjected

to an unfair written evaluation; and (3) plaintiff was subjected to unfair disciplinary actions and daily harassment and retaliation from April 9, 2007 through August 25, 2007.  In her opposition brief, the plaintiff objected *only* to the dismissal of her demotion claim, thereby waiving any objection to the dismissal of her claims that she was subjected to an unfair written evaluation and that she was subjected to unfair disciplinary actions and daily harassment and retaliation from April 9, 2007 through August 25, 2007.  After engaging in a lengthy and detailed analysis addressing whether the "continuing violation" doctrine applies to the plaintiff's demotion claim, this Court – concluding the doctrine did *not* apply to plaintiff's demotion claim – determined all of plaintiff's plaintiff's race discrimination, harassment, and retaliation claims that pre-dated August 25, 2007 were time-barred. Thus, specifically, plaintiff's demotion claim was *dismissed as time-barred*, and plaintiff's claims that she was subjected to an unfair written evaluation and that she was subjected to unfair disciplinary actions and daily harassment and retaliation from April 9, 2007 through August 25, 2007 were *dismissed as unopposed.*

> **2.  Plaintiff's state law race discrimination, harassment, and retaliation claims that arose *after* August 25, 2007**

With respect to plaintiff's state law claim of harassment/hostile work environment that post-dated August 25, 2007, in its motion for summary judgment, Dauterive attempted to limit plaintiff's claims of harassment/hostile work environment to the following incidents, which Dauterive argued were the only incidents of harassment identified by the plaintiff at her deposition:

- Candace Frioux (supervisor) harassing plaintiff to update her charts

- plaintiff was placed on a PIP (performance improvement plan) and a 90-day probationary period which extended past August 25, 2007

- plaintiff got no response to her request for a transfer, which she requested in

September 2007

• plaintiff got no response to her request for a meeting with Alan Fabian, Dautereive's CEO, to discuss a complaint she filed with the hospital

In the instant motion, Dauterive inaccurately states that in its motion for summary judgment, Dauterive "<u>argued</u> the [foregoing] incidents <u>would have been timely</u> under this Court's ruling." The foregoing statement is not accurate. This Court has reviewed both Dauterive's motion for summary judgment [Doc. 59], the Court's ruling on that motion [Doc. 80], as well as Dauterive's instant motion for clarification [Doc. 83], in concluding the sequence of events has not been clearly set forth by Dauterive. The Court notes the correct sequence of events, as follows.

In its original motion to dismiss [Doc. 3], Dauterive requested that this Court dismiss all of plaintiff's state law claims for racial discrimination, harassment, and retaliation as time-barred. This Court denied that request in part and granted it in part. Specifically, the Court denied Dauterive's motion to dismiss plainitff's claims for racial discrimination, harassment, and retaliation, noting although it was possible certain claims alleged to have occurred before August 25, 2007 could have prescribed, it appeared certain claims that were alleged to have occurred *after* August 25, 2007 might not have prescribed.[2] In noting the foregoing, this Court identified, from plaintiff's complaint, five allegations that appeared to allege state law violations that occurred after August 25, 2007. The five incidents listed by the Court – *which were by no means exclusive* – include the four incidents identified in Dauterive's later-filed motion for summary judgment and a fifth incident that appears to have occurred one week before the plaintiff filed her EEOC charge. *Indeed, this Court made no*

---

[2] The Court did grant Dauterive's motion to dismiss certain of plaintiff's state law claims, including her state law claim for constructive discharge and forced resignation, which were dismissed for lack of notice and failure to exhaust administrative remedies, and her state law defamation and whistleblower retaliation claims, which were dismissed as time-barred.

*ruling that the five incidents listed by the Court are the only incidents that occurred after August 25,*

*2007.* Rather, the Court, in denying Dauterive's motion, merely identified five incidents that

appeared to occur after August 25, 2007 and which – because Dauterive had not provided sufficient

information concerning the timing of the claims it sought to dismiss – precluded the dismissal of

plaintiff's claims. Because Dauterive had not addressed the issue of timeliness in its motion, the

Court ruled as follows:

> [a]s Dauterive has not specified which state law "claims" it seeks to have dismissed
> on prescription grounds, it has not carried its burden to show it is entitled to the relief
> requested.

Accordingly, that portion Dauterive's motion, seeking dismissal of *all* of plaintiff's state law

claims for racial discrimination, harassment, and retaliation, was denied *for failure of Dauterive to*

*carry its burden.*

In its second round of dispositive motions, Dauterive filed a motion for summary judgment

[Doc. 59], and argued the following therein:

> In its November 3, 2009 ruling, the Court noted that to the extent Johnson was
> asserting state law claims for race discrimination, harassment/hostile work
> environment and retaliation after the filing of her EEOC charge, such claims may not
> have prescribed. The Court identified four claims within this time period . . .

Dauterive then went on to list four of the five incidents identified by the Court as examples

of harassment that plaintiff alleges occurred after August 25, 2007. Dauterive argued two of the

incidents should not be considered by the Court: (1) plaintiff's constructive discharge/forced

resignation claim, as the Court had already dismissed the claim; and (2) plaintiff's denial of transfer

claim, which Dauterive argued should be dismissed for reasons not relevant here. Without

identifying any additional claims that could constitute harassment claims that occurred after August

25, 2007, Dauterive went on to argue plaintiff's harassment claims should be dismissed – *not because they were time-barred* – but because the alleged harassment was not based on plaintiff's race, nor was it sufficiently pervasive as to be actionable.

In response to Dauterive's motion for summary judgment, the plaintiff argued her claims of harassment/hostile work environment should not be limited to the four incidents identified by Dauterive in its motion. Rather, plaintiff argued *all* of the following incidents were harassing and/or created a hostile work environment and should, therefore, be considered by the Court:

- Being forced to apologize to a similarly situated Caucasian employee for having uttered the word "nigga" when quoting a patient in reporting the patient's threats to a supervising doctor. Deposition of Nakenia Johnson, pp. 77, 87,171-177, 183-185, Rec. Doc. 59-5; p. 281, Rec. Doc. 59-6;

- Accusing plaintiff of misplacing a patient chart despite the fact that plaintiff was not the last person handling the chart. Deposition of Nakenia Johnson, p. 251, Rec. Doc. 59-6;

- Reprimanded for allegedly not attending to a wrinkled sheet on one of the patient beds. Deposition of Nakenia Johnson, p. 78, 187, Rec. Doc. 59-5;

- Being stripped of supervisory responsibilities and the additional pay that came therewith. Deposition of Nakenia Johnson, pp. 80,193-194, 199, Rec. Doc. 59-5; pp. 201, Rec. Doc. 59-6;

- Being purposely understaffed by her supervisor, while a similarly situated Caucasian employee was routinely overstaffed. Deposition of Nakenia Johnson, pp. 78, 170-171, Rec. Doc. Rec. Doc. 59-5; pp. 301-302, 311, Rec. Doc. 59-6;

- Candace Frioux routinely disregarded plaintiffs complaints of race discrimination and harassment, but immediately reprimanded plaintiff when a similarly situated Caucasian employee alleged that Ms. Johnson used a racially derogatory term. Deposition of Nakenia Johnson, pp. 77, Rec. Doc. 59-5;

- Being subjected to an unfavorable performance evaluation. Deposition of Nakenia Johnson, pp. 79, Rec. Doc. 59-5;

- Being placed on a 90-day probation. Deposition of Nakenia Johnson, pp. 144-145,

166-167;

- Not being re-evaluated at the end of the probationary period, thus making her probationary status indefinite.   Deposition of Nakenia Johnson, pp. 235-236, 318-319, 338, Rec. Doc. 59-6;

- Not being presented, during her probationary period, with any of the factors that the performance improvement plan required of defendants.   Deposition of Nakenia Johnson, pp. 235-236, Rec. Doc. 59-6;

- Allowing similarly situated Caucasian employees to instigate others against plaintiff and to circulate rumors that she was about to be terminated.   Deposition of Nakenia Johnson, pp. 161-163, Rec. Doc. 59-5; pp. 212-213, 240-241, Rec. Doc. 59-6;

- Using several alleged employee complaints against plaintiff without ever mentioning to plaintiff that any such employee complaints existed, or give her any opportunity to defend against them.   Deposition of Nakenia Johnson, pp. 161-168, Rec. Doc. 59-5; pp. 232, 238, 266-267, Rec. Doc. 59-6;

- Plaintiff's request for transfer to another department was ignored.   Deposition of Nakenia Johnson, pp. 90-91;[3]

- Being denied the opportunity to present complaints of discrimination, wherein management did not schedule any meetings with plaintiff.   Deposition of Nakenia Johnson, p. 92, Rec. Doc. 56-5; p. 268, Rec. Doc. 59-6.

The only evidence and/or argument given by the plaintiff as to the timeliness of the foregoing incidents was the following statement contained in plaintiff's opposition brief: "In addition, defendants' harassment occurred from March, 2007, to November, 2007, a period of eight months." The foregoing statement was neither linked to any particular allegation of harassment, nor was it argued in a manner that put this Court on notice that certain of the alleged incidents of harassment might have occurred prior to August 25, 2007.

This Court agreed plaintiff's harassment claim should not be limited to the four incidents of harassment identified by Dauterive in its motion. The Court concluded as much because, in part,

---

[3] Plaintiff's denial of transfer claim had already been dismissed for lack of timely notice.

Dauterive cited this Court to no authority supporting its argument that the plaintiffs' claims should be so narrowly construed.  Additionally, and most importantly for purposes of the instant motion, although Dauterive then filed a reply brief to plaintiff's opposition brief, *nowhere in Dauterive's motion did Dauterive argue that some of the incidents identified by the plaintiff as being harassing occurred before August 25, 2007,* or that the motion for summary judgment should be granted with respect to certain allegations of harassment because a particular incident occurred before August 25, 2007.  Rather, in its reply brief, Dauterive argued: (1) plaintiff could not pursue acts of alleged harassment that she did not identify in her deposition (again, this argument was not supported in any way); (2) the incidents identified by plaintiff were not *racially* harassing, but rather, were more appropriately identified as being retaliatory in nature, which was the thrust of Dauterive's argument with respect to plaintiff's harassment claims; and (3) plaintiff had presented no evidence showing the alleged harassment was frequent, physically threatening, humiliating, or interfered with plaintiff's job performance. *Thus, Dauterive's motion did not address the timeliness of the specific harassment claims asserted by the plaintiff.* Accordingly, based on the arguments presented by the parties – which addressed the merits of the claim and the *prima facie* elements of harassment -- this Court ruled the plaintiff set forth a *prima facie* case of hostile work environment/harassment, and that, in so doing, plaintiff *presented an issue of fact* regarding whether the alleged harassment was sufficiently pervasive to be actionable.  Considering the foregoing, this Court denied that portion of Dauterive's motion for summary judgment and allowed plaintiff's state law claims of harassment that post-date August 25, 2007 to continue.

In considering the instant motion, this Court has *again* reviewed both the motion for summary judgment and the reply brief filed by Dauterive in connection with its motion for summary

10

judgment that was the subject of this Court's February 11, 2011 Memorandum Ruling and finds that *nowhere* in either set of briefing does Dauterive argue specific incidents of harassment identified by plaintiff in her opposition brief occurred before August 25, 2007 or that Dauterive's motion should have been granted on that basis.  Although Dauterive now contends it "argued" the four incidents identified by the Court in its first ruling would have been timely under the Court's ruling, no such argument regarding timeliness was made.  Rather, Dauterive initially chose to rely – for reasons of its own – on the examples of harassment this Court identified by this Court in its first ruling as potentially occurring after August 25, 2007, without addressing whether other incidents of harassment might be contained in plaintiff's complaint.  Most importantly, when faced with the fact that plaintiff intended to include additional incidents of harassment – the existence of which Dauterive was clearly aware of once plaintiff filed her opposition brief to Dauterive's motion for summary judgment – *at that time, Dauterive chose not to argue the incidents of harassment included by the plaintiff should not be considered because they were not timely.*  Rather, Dauterive chose to argue the additional incidents of harassment should not be considered because the plaintiff did not identify such incidents at her deposition; because the incidents were not *racially* harassing; and because the incidents of alleged harassment were not pervasive.

Clearly, the parties argued a different set of factual bases with respect to plaintiff's harassment claim in their briefs, and Dauterive chose not to specifically address the incidents of harassment identified by the plaintiff other than to conclusorily and summarily argue they should not be considered.  However, the facts relied upon by this Court in denying the motion were those incidents of harassment alleged by plaintiff in her opposition brief.  Dauterive was on notice that plaintiff intended to argue those incidents of harassment at trial and indeed, it is clear Dauterive was

11

aware of those allegations, as Dauterive specifically argued the incidents should not be considered by the Court. However, Dauterive did *not* argue at that time that the incidents should not be considered by the Court *because they occurred prior to August 25, 2007. Rather, Dauterive perfunctorily – and without support – argued the Court should not consider the incidents because the plaintiff did not identify them at her deposition.* Thus, at the time this Court ruled on the motion for summary judgment, no party had identified the potential issue of the timeliness of the incidents alleged by the plaintiff in addressing the post-August 25, 2007 harassment claims in those specific portion of their briefs.[4] Because the issue of timeliness of plaintiff's claims was not raised by the parties, this Court did not render its February 11, 2011 ruling with an eye toward that issue.

At present, Dauterive argues this Court should parse out which incidents alleged by the plaintiff might have occurred before August 25, 2007 and which might have occurred after, and which claims, therefore, in their review, should be considered "viable" claims, and after concluding which claims are the "viable" claims, should reconsider whether, considering the totality of the "viable" claims, plaintiff has set forth a *prima facie* case of harassment. This Court suggests such task should have been undertaken by Dauterive once placed on notice of the alleged incidents of harassment argued by the plaintiff. Indeed, Dauterive, at that point, had the burden of proof to meet the argument made by plaintiff and not only could have addressed, but had the burden to address

---

[4] Dauterive makes much of the fact that the Court cited to certain deposition testimony of the plaintiff in its ruling, and that although plaintiff argued some of the incidents occurred after August 25, 2007, the testimony shows the incidents occurred before August 25, 2007. This Court notes that because Dauterive did not raise the issue of timeliness of the incidents, there was no reason for this Court to scour the deposition transcripts to determine when the incidents actually occurred, and the Court, in fact, did not do so. Rather, the Court merely included the deposition citations for ease of reference of the parties and to illustrate that the plaintiff apparently had testified about such incidents. If Dauterive wished to raise the issue of timeliness as to certain of the instances and point out to the Court that the actual testimony belies plaintiff's assertion that the incidents occurred after August 25, 23007 – as Dauterive does now in its instant motion – the time to do that was in Dauterive's reply brief, before this Court issued a 67-page ruling without benefit of that argument or citation.

each alleged incident in its reply brief, identifying each incident by date if it wished to argue such incident should not be considered by the Court. Had the foregoing been done, perhaps this Court could have addressed the argument Dauterive raises now. Similarly, this Court could also have addressed the argument advanced by the plaintiff at present, *i.e.*, that the doctrine of "continuing violation" applies to harassment claims and that the totality of the harassment claims, whether they occurred prior to or after August 25, 2007, should be considered by the facfinder in determining whether plaintiff was unlawfully harassed. However, like Dauterive'e present argument, plaintiff's argument -- raised in the particular context of the instant motion – has not heretofore been argued to the Court, briefed by the parties, or presented to the Court prior to this filing; therefore, the Court has not had benefit of such argument, the applicable jurisprudence, and whether such jurisprudence might or might not be applicable to the particular facts of in this case.

This Court notes the instant motion is the Dauterive's third attempt to file a dispositive motion in the instant case. This Court has spent a vast amount of judicial resources on two rounds of dispositive motions filed by Dauterive, in part resulting with the conclusion Dauterive had failed to carry its burden. This Court notes the first motion to dismiss filed by Dauterive was denied, in part, for failure of Dauterive to carry its burden to show it was entitled to certain relief requested [Doc. 30]. Dauterive now asks this Court – well after the September 15, 2010 dispositive motion deadline in this case has passed – to, at this late date, consider dismissal of plaintiff's claims yet again on grounds not raised by Dauterive, even in its second round of dispositive motions, despite the fact that the issue upon which Dauterive now seeks dismissal was well known to the parties at the time they briefed Dauterive's motion for summary judgment. Additionally, Dauterive asks *this Court* to undertake the task is should have undertaken in filings its original briefs in connection with

its motion for summary judgment; that is not the role of the Court, but of counsel.

Considering the foregoing,

IT IS ORDERED that Dauterive's "Motion for Clarification or, Alternatively, Reconsideration of this Court's February 11, 2011 Memorandum Ruling" [Doc. 83] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ____4____ day of April, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE