UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

RECEIVED
IN LAFAYETTE, LA.

APR 1 5 2011

TONY R. MOORE, CLERK
BY_____ mBa
                DEPUTY

NAKENIA JOHNSON

VERSUS

HOSPITAL CORP. OF AMERICA, ET AL.

CIVIL ACTION NO. 09-0113

JUDGE DOHERTY

MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before the Court are three Motions in Limine filed by defendant Dauterive [Docs. 93, 94 & 95]. The motions are opposed by plaintiff Nakenia Johnson [Docs. 99, 100 & 101]. The Court issues the following rulings on the motions.

### 1.   Motion in Limine on Certain Evidentiary Matters [Doc. 93]

In this boilerplate motion, Dauterive seeks exclusion of vague items of evidence that do not appear to be specific to the instant case, including, for example, "any evidence plaintiff did not produce in discovery;" "any testimony, evidence or reference to any claim not specifically pled by plaintiff;" etc. The motion is DENIED.[1]

### 2.   Motion in Limine to Exclude Certain Testimony of Nonparty Witness Mona Moore [Doc. 94]

In this motion, Dauterive seeks to exclude certain testimony of Mona Moore,[2] to the extent

---

[1] Counsel are cautioned against filing borderline-frivolous motions such as the instant motion that waste the judicial resources of this Court. For example, this motion contains a reference to "Gretna," which is neither party to this litigation or an entity which has been identified in any fashion for the Court to determine the role of such party in this litigation.

[2] Ms. Moore is a former employee of Dauterive. According to the briefs filed, Ms. Moore was a nursing supervisor who apparently supervised Ms. Johnson at some point. Since the taking of her deposition in the instant case, Ms. Moore, who is now also represented by counsel for Ms. Johnson, has filed filed her own lawsuit against

Ms. Moore attempts to testify concerning her own claims of discrimination against Dauterive, on grounds such testimony is not relevant to the claims at issue in this lawsuit. Additionally, with respect to any testimony Ms. Moore might offer concerning Ms. Johnson's claims against Dauterive, Dauterive argues Ms. Moore has no personal first-hand knowledge concerning Ms. Johnson's claims against Dauterive, and therefore her testimony is inadmissible as speculative. Although it is unclear whether the following argument is raised in the context of testimony concerning her personal claims against Dauterive or concerning her knowledge of Ms. Johnson's claims, Dauterive further argues Ms. Moore is not "similarly situated" to Ms. Johnson, and therefore, her testimony is inadmissible.

First, this Court questions the applicability of the standard for "similarly situated" as argued by Dauterive – which states that for Ms. Moore and Ms. Johnson to be "similarly situated," they must be "nearly identical" – as the cases cited by Dauterive and espousing this standard involve claims of disparate treatment and not hostile work environment. *See, e.g., Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004); *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990). Without deciding that issue, this Court also questions the factual nature of Dauterive's argument, that Ms. Moore and Ms. Johnson are not "similarly situated" because they worked for Dauterive at different times (Moore, from 1985 through 2008, while Dauterive argues plaintiff's claims are "limited" to August 25, 2007 to November 2, 2007 – an unpersuasive argument, as will be addressed in the third part of this ruling), and because Ms. Moore was a supervisor while plaintiff was not. For her part, plaintiff argues she and Ms. Moore are sufficiently similar because they are both members of the same protected minority; worked in the same office;

---

Dauterive alleging claims of race discrimination, retaliation, and hostile work environment under Title VII. Ms. Moore's lawsuit against Dauterive is filed in this district and is assigned to Judge Haik (Civil Action No. 10-1596).

2

reported to the same supervisor; experienced harassment, discrimination and retaliation at the hands of the same employer, and indeed, the same supervisor; and were forced to resign their positions due to the foregoing.

In *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 370, 128 S.Ct. 1140 (2008), the Supreme Court noted that questions of relevance and prejudice are for the district court to determine in the first instance, and courts of appeal must give deference to those determinations and examine only for abuse of discretion. The Court stated: "Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules." *Sprint*, 552 U.S. at 387. Additionally, the Court noted:

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. *Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.*

*Sprint*, 552 U.S. at 388 (emphasis added).

The Fifth Circuit has made clear district courts must make individualized assessment concerning the admissibility of relevant evidence in employment discrimination/harassment cases, and such assessments are not amenable to broad *per se* rules prior to trial. In *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350 (5th Cir. 1995), the Fifth Circuit explained that although a district court can abuse its discretion by summarily excluding work environment witnesses, when district courts carefully consider the anticipated testimony of witnesses prior to ruling, their decisions are entitled to deference on review. *See Kelly*, 61 F.3d at 360 (with respect to admissibility of testimony by witnesses who were going to testify concerning claims similar to those alleged by the plaintiff, district court did not abuse its discretion when it ruled evidence was inadmissible, after

3

court conducted *in camera* examination of the anticipated testimony of each of the witnesses at trial); *see also Swanson v. General Services Administration*, 110 F.3d 1180, 1190 (5th Cir. 1997) (district court did not abuse discretion in ruling evidence inadmissible, where court ruled witnesses proferred by plaintiff did not work in plaintiff's office and could not testify about plaintiff's work environment or his relationship with his supervisor, so could only offer speculation, noting district court had individually considered the expected testimony of each proferred witness); *Alaniz v. Zamora-Quezada*, 591 F.3d 761 (5th Cir. 2009) (although under FRE Rule 404(b), "character evidence" is not allowed to show action in conformity therewith, evidence of "prior bad acts" is admissible for other purposes, including proof of intent, plan, motive, knowledge, and absence of mistake or accident," noting "this rule applies equally in employment discrimination cases.").

From this Court's reading of the foregoing cases, it appears when the anticipated testimony is from an individual who is sufficiently similar to the plaintiff – that is, the witness worked with the plaintiff in the same office, was supervised by the same people, and is alleging the same kind of harassment or discrimination – such evidence could, potentially, be considered probative of the plaintiff's claim. At that point, the Court must determine whether the potential prejudice to the defendant would outweigh the probative nature of the witness's testimony.

For purposes of putting the parties on notice of this Court's understanding of the record, this Court notes it appears Ms. Johnson and Ms. Moore are both members of the same protected minority; worked in the same office; reported to the same supervisor; allegedly experienced harassment, discrimination, and retaliation at the hands of the same employer, and indeed, the same supervisor; and were allegedly forced to resign their positions due to the foregoing. Notwithstanding the foregoing, this Court DEFERS on the question of the admissibility of Ms. Moore's testimony.

4

The Court concludes this is a matter to be determined at trial once the factual circumstances of Ms. Moore's employment at Dauterive become clear and once this Court has had an opportunity to learn the anticipated nature of her testimony.

### 3.      Motion in Limine to Exclude Background Evidence [Doc. 95]

In this motion, Dauterive seeks to exclude evidence in the form of testimony, witnesses, and/or documents that relate to plaintiff's "time-barred claims."  Specifically, Dauterive argues this Court has concluded the actionable time period for plaintiff's hostile work environment claim is from August 25, 2007 to November 2, 2007, the date plaintiff resigned her position with Dauterive. Dauterive argues any evidence regarding incidents that occurred prior to August 25, 2007 is time-barred and should be excluded at trial.

In *National R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 114-17 (2002), the United States Supreme Court distinguished between cases involving discrete acts of discrimination and those involving hostile work environment, as follows:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."  Morgan can only file a charge to cover discrete acts that "occurred" within the appropriate time period.
>
> [ . . . ]
>
> ***Hostile environment claims are different in kind from discrete acts.  Their very nature involves repeated conduct.  The "unlawful employment practice" therefore cannot be said to occur on any particular day.  It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.  Such claims are based on the cumulative effect of individual acts.***
>
> [ . . . ]
>
> ***In determining whether an actionable hostile work environment claim exists, we***

5

*look to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."* To assess whether a court may, for the purposes of determining liability, review all such conduct, including those acts that occur outside the filing period, we again look to the statute. It provides that a charge must be filed within 180 or 300 days "after the alleged unlawful employment practice occurred." A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. *It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.*

(emphasis added) (internal citations and footnotes omitted).

Although *Morgan* primarily addressed the *timeliness* of claims involving discrete acts of discrimination and hostile work environment, in the last sentence cited above, the Court specifically stated that when determining the *liability* of a hostile work environment claim, district courts should consider *all* alleged acts of discrimination, whether they fall within or without the "statutory time period." The Fifth Circuit has interpreted the case in this manner. *See e.g., Ramsey v. Henderson,* 286 F.3d 264 (5th Cir. 2002) (Fifth Circuit disagreed with district court's failure to consider time-barred incidents of discrimination in considering the totality of plaintiff's hostile work environment claim);[3] *Stewart v. Mississippi Transp. Com'n,* 586 F.3d 321, 328 (5th Cir. 2009) ("a court may

---

[3] Dauterive's treatment of the *Ramsey* case, and its representations regarding what the *Ramsey* case says, is not lost on this Court. Dauterive cites *Ramsey* for the proposition that "Fifth Circuit courts" restrict the use of time-barred claims as background evidence to those that "are relevant to defendant's motivation behind an allegedly discriminatory act that is not, itself, time-barred."

However, in *Ramsey*, the Fifth Circuit expressly disagreed with the district court's failure to consider time-barred incidents of discrimination in considering the totality of plaintiff's hostile work environment claim, although the court ultimately agreed with the district court that the plaintiff failed to state a *prima facie* case of hostile work environment because the incidents alleged were not sufficiently severe:

We agree with the district court that the conduct to which Ramsey objects does not rise to the level

6

consider "the entire scope of the hostile work environment claim," including behavior alleged outside the 180-day window, "so long as any act contributing to that hostile environment takes place within the statutory time period.").

In its motion, Dauterive fails to give the Court a true picture of the import of the Supreme Court's decision in *Morgan*. For example, Dauterive focuses on a portion of the *Morgan* ruling wherein the Court cited to a prior opinion, *United Air Lines, Inc. v. Evans*, 431 U.S. 533 (1977), arguing background evidence can be admissible only to prove a "current discriminatory policy." However, even a casual reading of the *Evans* case shows *Evans* involved *discrete acts of discrimination*, rather than hostile work environment. As previously noted, in *Morgan*, the Supreme Court specifically differentiated between cases involving discrete acts of discrimination and those involving claims of hostile work environment, and concluded the continuing violation doctrine does not apply to the former, but does apply to the latter.[4] Therefore, this Court questions the applicability

---

of race discrimination based on a hostile work environment; **however, the district court should have considered the prior relevant conduct alleged by Ramsey in making its determination. As the Supreme Court has recently stated, "workplace conduct is not measured in isolation."** *Clark County School District v. Breeden,* **532 U.S. 268, 270, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). For a hostile working environment to be deemed sufficiently hostile, all of the circumstances must be taken into consideration. Discriminatory incidents outside of the filing period may be relevant background information to current discriminatory acts.** *United Air Lines, Inc. v. Evans,* **431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977);** *See also Rutherford v. Harris County,* **197 F.3d 173 (5th Cir.1999);** *Hebert v. Monsanto Co.,* **682 F.2d 1111 (5th Cir.1982);** *Anderson v. Reno,* **190 F.3d 930, 936 (9th Cir.1999).** Viewing the facts in a light most favorable to Ramsey, and, after considering the prior alleged acts of harassment, we conclude that Ramsey failed to state a prima facie case of a hostile working environment.

*Ramsey*, 286 F.3d at 268.

   Counsel are cautioned that they shall accurately represent the holdings or discussions found within cases when presenting arguments to the Court.

   [4] Morgan's holding that the continuing violation doctrine does not apply to cases involving discrete acts is consistent with Fifth Circuit precedent prior to the time Morgan was decided. *See, e.g., Huckaby*, 142 F.3d at 239-40 (holding discrete actions are not entitled to the shelter of continuing violation doctrine).

of the *Evans* case to the instant case.

Additionally, this Court notes Dauterive cites *Downey v. Southern Natural Co.*, 649 F.2d 302 (5th Cir. 1981) for the proposition that evidence concerning time-barred conduct may only be used to "illuminate current practices." *Downey* was decided in 1981 – before *Morgan* – and involves claims of discrete discrimination rather than hostile work environment. Therefore, the applicability of *Downey* to this case is dubious.

Finally, as the moving party, Dauterive fails to address the issue of whether, and to what extent, the *Morgan* decision impacts Louisiana employment law. The cases cited by Dauterive involve claims pled under Title VII, however, in the instant case, plaintiff's hostile work environment claim is governed by Louisiana state law. Dauterive does not address whether the "continuing violation" doctrine applies to claims pled under Louisiana law, nor whether and to what extent the Supreme Court's ruling in *Morgan* impacts Louisiana law. While this Court is aware that courts interpreting state employment statutes frequently consult federal jurisprudence to interpret Louisiana discrimination laws, at least one federal circuit has noted *Morgan* did not change state employment law with respect to the issue of continuing violation. *See, e.g., Madison v. IBP, Inc.*, 330 F.3d 1051, 1057-58 (8th Cir. 2003) (concluding *Morgan* did not change Iowa's law of continuing violation). No party has addressed this issue in this case, therefore, in addition to the foregoing deficiencies, Dauterive has failed to carry its burden to show it is entitled to the relief requested, as Dauterive has failed to identify the governing law with respect to this legal issue. Accordingly, the motion is DENIED.

Considering the foregoing,

IT IS ORDERED that Dauterive's Motion in Limine on Certain Evidentiary Matters [Doc.

93] is DENIED.

IT IS FURTHER ORDERED that Dauterive's Motion in Limine to Exclude Certain Testimony of Nonparty Witness Mona Moore [Doc. 94] is DEFERRED to trial.

IT IS FURTHER ORDERED that Dauterive's Motion in Limine to Exclude Background Evidence [Doc. 95] is DENIED for failure of Dauterive to carry its burden to show it is entitled to the relief requested.

IT IS FURTHER ORDERED that the parties shall file pocket briefs no later than the close of business on April 18, 2011, not to exceed 5 pages each, with normal fonts and margins, addressing the issue of whether the "continuing violation" doctrine applies to claims pled under Louisiana employment law, and whether and to what extent the Supreme Court's ruling in *Morgan* impacts Louisiana law.  Counsel are reminded to cite to Fifth Circuit jurisprudence and *to cite cases that are applicable to the specific employment claims alleged in this matter*.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _15_ day of April, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE